UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINICIUS REZENDE ALVES FILHO (A# 226-029-325), | No.  1:26-cv-02716 TLN SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, MESA VERDE DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Because Petitioner's § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition be denied.

**I.    Factual and Procedural History**

Petitioner is a native and citizen of Brazil who entered the United States without inspection on May 8, 2024.  ECF No. 8-1 at 2.  Immigration officials apprehended Petitioner shortly thereafter and released him on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  ECF No. 8-2.  During his year and a half in the United States, Petitioner worked in a restaurant and was supported by his aunts and cousins who are U.S. citizens.  ECF No. 1 at 5-6.

On November 16, 2025, Boca Raton (Florida) Police arrested Petitioner for grand theft

1

under Florida Statutes § 812.014.  ECF No. 8-3 at 4-5.  The next day, Immigration and Customs Enforcement (ICE) issued a detainer pending local charges and charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole).  Id. at 3; ECF No. 8-1 at 2.  Palm Beach County officials officially charged Petitioner with grand theft on December 15, 2025.  Id. at 5.  On March 9, 2026, Petitioner was convicted of grand theft in the second degree for theft of property valued at "$20,000 or more, but less than $100,000," Fla. Stat. § 812.014(2)(b)(1), and sentenced to time served.  ECF No. 8-3 at 5.  ICE agents took Petitioner into custody upon his release from jail.  He is currently detained at the Mesa Verde Detention Center within this judicial District.  ECF No. 1 at 5-6.

Petitioner filed this § 2241 petition on April 10, 2026, alleging that his "ongoing, prolonged" detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 16-17.  By way of relief, he seeks immediate release or, in the alternative, a bond hearing where the government bears the burden of providing, by clear and convincing evidence, that he is a danger or flight risk.  Id. at 17.  Respondent opposes the petition on grounds Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  ECF No. 8 at 3.  Respondent further argues that § 1226(c) detention is facially constitutional under Demore, 5538 U.S. 515, and constitutional as-applied to Petitioner given his detention is not prolonged.  Id. at 3-6.

**II.    Applicable Detention Statute**

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Respondent asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act ("LRA").  Congressed enacted the LRA in January 2025, expanding mandatory detention to include anyone who (1) is inadmissible pursuant to paragraph (6)(A), (6)(C), or (7) of 8 U.S.C. § 1182(a); and (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the

2

essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

The LRA's first statutory condition at § 1226(c)(1)(E)(i) is met because immigration officials charged Petitioner as inadmissible under § 1182(a)(6)(A)(i).  ECF No. 8-1 at 2.  The undersigned also agrees with Respondent a conviction under Florida Statute § 812.014—a provision titled "Theft"— satisfies the second statutory condition, 8 U.S.C. § 1226(c)(1)(E)(ii).[1] See Morales v. Warden, et al., No. 2:26-cv-1253 DAD SCR (HC), 2026 WL 1146999, at *2 (E.D. Cal. Apr. 28, 2026) (concluding that a grand theft conviction under § 812.014 "plainly falls within the ambit of § 1226(c)").  Petitioner's current detention is governed by 8 U.S.C. § 1226(c)(1)(E).

### III.   Due Process Analysis

#### A.  Legal Framework

The petition raises an as-applied, procedural due process challenge to the constitutionality of Petitioner's mandatory detention.  The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, 538 U.S. at 531.  However, the Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal."  Id. at 513, 529 n.12, 530.  Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework:  "[S]ince the Due Process Clause prohibits

---

[1] The statute states that:

(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
    a. Deprive the other person of a right to the property or a benefit from the property.
    b. Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1).

arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). Recently, the Second Circuit held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024). The undersigned finds this authority persuasive and agrees that Demore does not bar an as-applied challenge to prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze Petitioner's procedural due process argument.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to

ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

### B.  Mathews Analysis

Although Petitioner has a liberty interest in "'freedom from prolonged detention' [that] is 'unquestionably substantial,'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011)), he has been detained by ICE for just over two months. In Demore, the Supreme Court held the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average." 538 U.S. at 530-531. Further, although the Ninth Circuit has not addressed when mandatory detention under § 1226(c) becomes prolonged, it has similarly referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted); see also Zadvydas, 533 U.S. at 701 (recognizing a "6–month period" of presumptively reasonable post-removal-period detention). Therefore, given that the duration of Petitioner's detention is still within the range contemplated in Demore, the undersigned finds that it does not yet implicate his protected interest against prolonged detention.

Respondent disputes that Petitioner has a liberty interest in his continued freedom from immigration custody because he violated the conditions of his release. ECF No. 8 at 1. On this point, Respondent distinguishes this case from Pablo Antonio C. C. v. Warden of California City

Corr. Ctr., No. 2:26-cv-0958 TLN DMC, 2026 WL 808055, at *3 (E.D. Cal. Mar. 24, 2026), where Chief Judge Nunley determined the Petitioner retained a protected interest in continued release on recognizance and emphasized the Petitioner's compliance with the conditions of his release. Id. Without resolving whether Petitioner's conviction extinguished the liberty interest acquired in his 2024 release, the undersigned finds that Petitioner still retains a general liberty interest in freedom from detention—even under a mandatory detention statute like § 1226(c). "'[F]reedom from imprisonment . . . lies at the heart of the liberty [the Due Process Clause] protects.'"[2] Zadvydas, 533 U.S. at 690; see also Jose G. M. L., 2026 WL 472987, at *3 ("Petitioner's liberty interest is not defeated by [8 U.S.C. § 1226(c)].").

Turning to the Mathews factors, the relatively short duration of Petitioner's § 1226(c) detention—just over two months—significantly diminishes the strength of this private interest. "[T]he longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in Demore, the harder it becomes to justify without conducting an individualized bond hearing." Sarr v. Scott, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025); cf. Black, 103 F.4th at 151 (finding first Mathews factor "weighs heavily in favor" of petitioners where they were detained for "far longer" than the petitioner in Demore). Therefore, at this stage of Petitioner's detention, the first factor favors Respondent.

Next, the risk of erroneous deprivation is currently low where the duration of Petitioner's detention does not exceed that of the petitioner in Demore. However, the risk of erroneous deprivation will increase over time as his detention becomes prolonged due to the "almost nonexistent procedural protections in place for section 1226(c) detainees." Black, 103 F.4th at 152.

---

[2] Because ICE detained Petitioner upon his release from jail, this case is distinguishable from others where the noncitizens lived in the community for years after their release from incarceration. In such cases, courts have found that § 1226(c) detention without a bond hearing, regardless of length, violates due process. See, e.g., Jose G. M. L. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *3-*5 (E.D. Cal. Feb. 19, 2026) (ordering bond hearing where basis for § 1226(c) detention was a 21-year-old conviction); Carballo v. Andrews, No. 1:25-cv-0978 KES EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (finding detention under § 1226(c) without a hearing violated due process where Petitioner lived in the community for five years after serving his sentence for murder).

Finally, precedent dictates that "[t]he government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515).  Indeed, in Demore, the Supreme Court expressly upheld the brief detention of criminal noncitizens without an individualized determination of dangerousness.  See 510 U.S. at 528.  While this factor currently favors the government, it too will tilt toward Petitioner as his detention without an individualized determination of danger or flight risk becomes prolonged.  See Black, 103 F.4th at 153–54 ("The additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests.  At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees."); Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal.  After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)).

On balance, the Mathews factors weigh against ordering a bond hearing at the current, roughly two-month juncture of Petitioner's immigration detention.  Accordingly, the undersigned recommends that the petition be denied.  However, these findings and recommendations do not preclude Petitioner from seeking a bond hearing through a subsequent § 2241 petition at a later point in time should his detention become prolonged.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Vinicius Rezende Alves Filho's (A# 226-029-325) application for a writ of habeas corpus be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v.

Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE